Brockenbrough, J.
The duty of the sheriff is plainly pointed out by the statute. He is directed to summon, before the meeting of the court, twenty-four of the most discreet freeholders of the county, being citizens of the commonwealth and not having certain specified disqualifications. It is necessary for the upright administration of justice, that the whole jury system should be preserved free and uncontaminated. The law demands, that each grand juror shall make no presentment through malice, hatred or ill will; arid *668 that he should not be prevented from making presentments, by motives equally vicious. It also requires, that the sheriff whose duty it is to summon the grand jury, should discharge that duty with the sole view to the public good. It does not seem to be compatible with either of these requisitions of the law, that a corrupt nomination of himself to the sheriff, by a citizen of the commonwealth, to serve on the grand jury, should be permitted ; or that a false conspiracy or corrupt agreement between the sheriff and himself for that purpose, should be tolerated. In Scarlet’s case, 3 Inst. 33. 12 Rep. 98. it was charged, that he well knowing that he was not returned of the grand inquest, procured himself by false conspiracy to be sworn on the same, and it was decided that such procurement was an indictable offence, as well at common law, as under the statute; 11 Hen. 4. ch. 9. And whensoever such corrupt nomination shall be procured, we have the authority of this court, in Cherry’s case, 2 Virg. Ca. 20. for saying, that an indictment or presentment, found by a grand jury so constituted, may be avoided by plea.
But, in the case now before the court, the plea which was tendered does not charge any corrupt nomination of himself by the grand juror, or any false conspiracy between himself and the sheriff, to be returned on the panel. The nomination of himself which is charged, may have been perfectly innocent, and the court is not authorized to presume the contrary. We have, therefore, no hesitation in deciding, that, in this case, the plea should be rejected.
“ This court is of opinion, that it is not proper, in this case, to require the attorney for the commonwealth to demur or reply to the plea in abatement which was tendered by the defendant, and that the plea should be rejected.”